Annie M. Hutchins et al
vs. } P. A. No. 952
Rhode Island Hospital
Trust Co., Ex'r.

February 7, 1927

RESCRIPT

CAPOTOSTO, J. A certain instrument, signed and executed by Fannie M. Tenny on October 8, 1918, which purports to be the last will and testament of Mrs. Tenny, is questioned as to its validity on the ground of lack of testimentary capacity. The jury sustained the instrument in question as the will of Mrs. Tenny. The appellants in moving for a new trial claim that the verdict is against the evidence.

At the time of her death on May 9, 1925, the testatrix was 83 years of age and had been a widow for some twenty years. During the early period of her widowhood, she travelled from place to place as she had been accustomed to do during her husband's lifetime, but for the last ten years, at least, she resided permanently in Providence at the Minden, the Narragansett, and the Biltmore Hotel in the order named. From an apparently active social life as the widow of Colonel Tenny, a former Secretary of State of New Hampshire, the testatrix after her husband's death began to be more and more isolated as the years rolled by, until she became an ailing and lonely woman. She died leaving an estate of over $150,000, which, aside from a limited number of personal bequests, she left with certain restrictions to the Young Women's Christian Association and the American National Red Cross.

The will is contested by thirteen relatives, one of whom is an aunt, five of whom are first cousins, and seven of whom are children of first cousins of the deceased. Five only of these thirteen claimants appeared as witnesses, and of the five not one had seen the testatrix more than three times or so, and then in a more or less casual way, during the last twenty years of her life.

To attempt to relate in detail the various incidents brought out during the long and ably contested trial is quite unsatisfactory, because the ultimate picture of Mrs. Tenny's life in her declining years and the love and affection which her relatives showed for her must be gathered from all the testimony and not from isolated and detached occurrences. In her later years the testatrix at times may have shown peculiarities in conduct and speech which might be construed, of themselves, to be a variation from the normal. She even may have been indiscreet as to her relations with some youthful adventurer, yet in spite of the ailments and oddities which to some extent and in some form or another are manifested by a person of advanced age, in spite of any indiscretion, whatever its origin, the testatrix showed judgment and reserve with reference to her property. At no time did the testatrix by any positive act show a disposition to squander the fortune which was hers or to hand it over in any substantial manner to unworthy persons. Brought into contact by necessity with the Young Women's Christian Association in the course of her lonely walks about the city, she soon began to feel the effects of the sympathy and assistance which she received within its walls. This feeling of appreciation later developed into one of gratitude and substantial remembrance. The American National Red Cross she admired for its unselfish service to humanity, especially during the late war. These sentiments of the testatrix were not of recent origin on October 8, 1918, the day she executed the will in question, for her approval of these two charitable organizations is reflected in prior testamentary dispositions. The present will does no violation to any obligation imposed by mere relationship. The love and affection for the testatrix which the contesting relatives, either expressly or impliedly, professed on the witness stand is the most concrete manifestation of any concern for the health and happiness of Mrs. Tenny which they had shown for over fifteen years. Those who now complain about the disposition which Mrs. Tenny made of her property may find a human excuse for her act in their own indifferent conduct in the progressive loneliness of her later years. A kind word or act in life's dimming hours is worth more than an entire rosary upon a person's grave.

The appellants also say that they should be granted a new trial because "members of said jury misconstrued the charge of the Court and were thereby mislead in agreeing to said verdict."

In support of this claim they offer two affidavits, practically identical in thought and expression, signed by William G. MacNair and Alton K. Doe, who were members of the trial jury. The question raised by these affidavits is not new and has been repeatedly determined adversely to the claim which the appellants seek to establish. For reasons of public policy it is well settled law in this and other jurisdictions that the affidavits of jurors are inadmissible and improper for the purpose of impeaching their own verdict.

29 Cyc. 985;

Hardy vs. Prov. Mut. Fire Ins. Co., 1 R. I. 400;

Tucker vs. Town Council of S. Kingstown, 5 R. I. 558;

Luft vs. Lingane, 17 R. I. 420;

Phillips vs. Rhode Island Co., 32 R. I. 16;

Lee vs. Rhode Island Co., 66 Atl. 835;

McCoart vs. Rhode Island Co., 108 Atl. 585.

The appellants further rest their claim for a new trial upon the ground of newly discovered evidence. The only affidavit supporting this ground of the motion is one by Mr. Benjamin W. Grim, counsel for the appellants, in which he says that "said new evidence consists of the testimony of Rose Gendreau, Margaret Bliven and Leroy Lowe, who appellants claim knew the testatrix, talked with her, had an opportunity to observe her actions, and who are of the opinion that she was of unsound mind and did not possess testamentary capacity at the time the instrument in question was signed."

To grant a new trial upon this fragmentary claim of newly discovered evidence is to do violence to sound practice and accept speculation as a basis for the exercise of judicial discretion. Who the persons named in the affidavit were, how intimately, when and for how long they had known the testatrix, what specific incidents and conversations might be testified to by them if they were offered as witnesses, and when they came to the conclusion that Mrs. Tenny was not competent to execute a will, are all matters which are left to mere conjecture. The appellants have failed to comply in any substantial respect with the established rule controlling the granting of a new trial on the ground of newly discovered evidence.

Zoglio vs. T. W. Waterman Co., 39 R. I. 396.

The White Co. vs. Quinn, Supreme Court Rescript, January 5, 1927.

After a careful consideration of all the appellants' claims, this Court is of the opinion that the verdict sustaining the will of Fannie A. Tenny is a just decision. Any other verdict not only would have done violence to the evidence presented but would have substituted the will of others for that of the testatrix, who, when it came time to dispose of her property, expressed in a concrete form the thought advanced by one of appellants' own witnesses that "you have to do for those who do for you."

Motion for new trial denied.

For Appellants: Benjamin W. Grim.

For Appellee: Tillinghast & Collins.